# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| RAILCAR MANAGEMENT, LLC, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| JOHN DOES 1 through 10, inclusive, | **JURY DEMAND** |
| Defendant. | |

Plaintiff Railcar Management, LLC ("RMI") alleges and complains against Defendants Does 1 through 10 ("Defendants") on knowledge as to itself and its actions, and information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a civil action under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, and the laws of Washington against as-yet-unidentified Defendants arising from their ostensible unauthorized access to RMI's proprietary railway operating and maintenance system and related data.

2. In particular, in November 2020, RMI observed unusual activity on its RailConnect Transportation Management System ("TMS"), namely more frequent logins to the platform and an abnormal spike in the frequency and volume of data downloaded from certain customers'

COMPLAINT- 1

CALFO EAKES LLP
Attorneys at Law
1301 2nd Avenue Suite 2800
Seattle, Washington 98101
(206) 407-2200

accounts. This activity prompted RMI to investigate, at which point it learned that the suspicious logins and downloads were from IP addresses assigned to Defendants.

3. Despite the investigation conducted to date, RMI does not know the identity of Defendants. It only knows the IP addresses of the devices used in connection with the suspicious logins and downloads. The information learned to date does, however, suggest that discovery will reveal at least the identification of each Defendant's name as well as evidence that the suspicious logins and downloads were for collecting data to unfairly compete with RMI and interfere with its legitimate business interests.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises from Defendants' violation of the federal statutes identified above.

5. This action also arises under the laws of Washington. This Court has jurisdiction over those claims under 28 U.S.C. § 1367 because Defendants' conduct giving rise to the state law claims are the same or related to the activities giving rise to the claims arising under federal law such that they form part of the same case or controversy.

6. Venue for RMIs' claim is proper in this District under 28 U.S.C. § 1391(b) because, among other reasons, certain suspicious events giving rise to this action occurred in Bothell, Washington, located within this District. For example, one of the Defendants logged into TMS from Bothell, Washington, and downloaded data.

**PARTIES**

7. RMI is a subsidiary of Wabtec Corporation, a leading global provider of equipment, systems, digital solutions, and other freight and transit rail services. RMI delivers software and related solutions to optimize its customers' railway operating and maintenance activities.

8. RMI is and was at all times herein mentioned a limited liability company incorporated under the laws of Georgia with its principal place of business in Atlanta, Georgia.

9. RMI sues Defendants by fictitious names as it knows them only by IP addresses. RMI

CALFO EAKES LLP
Attorneys at Law
1301 2nd Avenue Suite 2800
Seattle, Washington 98101
(206) 407-2200

believes that information obtained in discovery will identify each Defendant's name.

## BACKGROUND

*RMI's TMS*

10. As a core operating and communications system, TMS automates and tracks the entry of rail car movements and switching operations for RMI's rail customers and provides them high visibility over all rail assets.

11. TMS contains data relating to, among other things, customers' rail cars, including content and location, routing and railroad information, and the origins and destination of rail cars (collectively, the "Data"). The Data is stored in on-premises systems located in Atlanta, Georgia.

12. RMI's rail customers access TMS via a website interface hosted by Amazon Web Services ("AWS"), a well-known provider of on-demand cloud computing platforms and application programming interfaces to individuals, companies, and governments.

13. TMS conspicuously states to each person who logs into the system: "You have accessed the RMI computer system. Access or use of this system is strictly limited to persons having express authorization from RMI. Unauthorized access or use of this system is unlawful and strictly prohibited."

*The Suspicious Activity*

14. While RMI's rail customers routinely download Data in TMS, on or around November 1, 2020, RMI identified an unusual spike in the frequency and volume of downloads.

15. After conducting a preliminary investigation, RMI observed that the unusual activity was triggered by devices oddly requesting simultaneous file downloads from multiple customer accounts, each with unique login credentials.

16. RMI launched an internal investigation to determine whether the Data was legitimately downloaded by its rail customers or was subject to unauthorized access.

17. Through this investigation, RMI learned that AWS owns the IP addresses for the devices associated with the unusual activity. The assignees of these IP address used the credentials

COMPLAINT - 3

CALFO EAKES LLP
Attorneys at Law
1301 2nd Avenue Suite 2800
Seattle, Washington 98101
(206) 407-2200

of at least ten RMI customers to access and download the Data.

18. On information and belief, none of the rail customers that held TMS login credentials were responsible for the suspicious logins and Data downloads using their credentials that RMI observed.

*Forensic Investigation*

19. On or around November 6, 2020, RMI retained an outside vendor to conduct a forensic investigation to further assess the suspicious activity on TMS. As part of the investigation, the vendor analyzed RMI's logs and forensic images and deployed endpoint software to capture IP addresses and other pertinent information.

20. RMI discovered through this investigation that there were logins to TMS from more than 200 IP addresses owned by AWS from November 1, 2020, to November 3, 2020.

21. RMI also discovered that another series of unexplained logins to TMS and Data downloads occurred from other AWS-owned IP addresses and at least 23 IP addresses owned by conventional Internet service providers.

22. IP addresses that logged into TMS from locations in Washington were responsible for much of the suspicious activity.

**FIRST CAUSE OF ACTION**
**Violation of Computer Fraud and Abuse Act (18 U.S.C. § 1030)**

23. RMI re-alleges and incorporates by reference paragraphs 1 through 22 above.

24. TMS is a "protected computer" within the meaning of 18 U.S.C. § 1030(e) as it is used in interstate commerce or communication.

25. On information and belief, in violation of 18 U.S.C. § 1030(a)(5), Defendants intentionally accessed TMS without authorization using protected login credentials.

26. By their conduct as alleged herein, Defendants caused RMI damage during a one-year period aggregating at least $5,000.00.

COMPLAINT - 4

CALFO EAKES LLP
Attorneys at Law
1301 2nd Avenue Suite 2800
Seattle, Washington 98101
(206) 407-2200

## SECOND CAUSE OF ACTION
**Violation of Stored Communications Act (18 U.S.C. § 2701)**

27. RMI re-alleges and incorporates by reference paragraphs 1 through 26 above.

28. TMS is an "electronic communication service" within the meaning of 18 U.S.C. § 2701(a) because, among other reasons, it provides users the ability to send or receive Data in interstate commerce.

29. On information and belief, Defendants, in violation of 18 U.S.C. § 2701, knowingly or intentionally accessed TMS without authorization or exceeded any authorization RMI granted for their use.

30. Defendants used such access to obtain the Data while it was contained in electronic storage in TMS.

31. As a result of Defendants' unlawful conduct, RMI has suffered actual harm.

## THIRD CAUSE OF ACTION
**Unfair Competition under Wash. Rev. Stat. § 19.86.020**

32. RMI re-alleges and incorporates by reference paragraphs 1 through 31 above.

33. Defendants' unlawful acts constitute unfair competition under Wash. Rev. Stat. § 19.86.020 because, on information and belief, they engaged in unfair methods of competition and deceptive acts in the conduct of trade or commerce.

34. The public has an interest in the subject matter of this dispute because, among other reasons, Defendants committed the acts alleged herein in the course of their business.

35. RMI was injured in its business or property by Defendants' violation of Wash. Rev. Stat. § 19.86.020.

## FOURTH CAUSE OF ACTION
**Tortious Interference with Business Relationships**

36. RMI re-alleges and incorporates by reference paragraphs 1 through 35 above.

37. RMI had a valid business relationship with its customers and reasonable business expectations derived from those relationships.

COMPLAINT - 5

CALFO EAKES LLP
Attorneys at Law
1301 2nd Avenue Suite 2800
Seattle, Washington 98101
(206) 407-2200

38. On information and belief, Defendants knew about RMI's business relationships.

39. On information and belief, Defendants intentionally interfered with RMI's business relationships for an improper purpose or using improper means, thereby causing termination of those relationships.

40. Defendants' interference with RMI's business relationships resulted in damages.

## PRAYER FOR RELIEF

WHEREFORE, RMI prays for:

41. Compensatory damages for losses sustained due to Defendants' improper conduct;

42. Punitive damages under 18 U.S.C. § 2707(c);

43. Preliminary and permanent relief enjoining Defendants from accessing, using, disclosing, or benefitting directly or indirectly from TMS and the Data and from soliciting, attempting to solicit, or doing business with any of RMI's rail customers;

44. An order requiring Defendants to (a) return to RMI all confidential information of RMI in its possession, (b) disclose all persons or entities to which it disclosed confidential information and who disclosed it, and (c) destroy all Data and other information obtained from TMS;

45. A judgment that Defendants violated the Computer Fraud and Abuse Act and Stored Communications Act and that it unfairly competed with RMI and tortiously interfered with RMI's business relationships;

46. Reasonable attorneys' fees and costs under 18 U.S.C. § 2707(b)(3); and

47. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

48. RMI demands a jury trial in this action.

COMPLAINT - 6

CALFO EAKES LLP
Attorneys at Law
1301 2nd Avenue Suite 2800
Seattle, Washington 98101
(206) 407-2200

| | | |
|---|---|---|
| 1 | Dated this 1st of April 2021 | Respectfully submitted, |
| 2 | | |
| 3 | | By: /s/Kristin W. Silverman |
| 4 | | Charles E. Harris, II (*pro hac vice* application pending) |
| 5 | | Richard M. Assmus (*pro hac vice* application pending) |
| 6 | | Emily A. Nash (*pro hac vice* application pending) |
| 7 | | MAYER BROWN LLP<br>71 South Wacker Drive |
| 8 | | Chicago, Illinois 60606-4637<br>charris@mayerbrown.com |
| 9 | | rassmus@mayerrown.com<br>enash@mayerbrown.com |
| 10 | | (312) 782 0600 |
| 11 | | Kristin W. Silverman, WSBA #49421 |
| 12 | | CALFO EAKES LLP<br>1301 2nd Avenue Suite 2800 |
| 13 | | Seattle, Washington 98101<br>kristins@calfoeakes.com |
| 14 | | (206) 407-2200 |
| 15 | | *Attorneys for Plaintiff*<br>*Railcar Management, LLC* |

COMPLAINT - 7

CALFO EAKES LLP
Attorneys at Law
1301 2nd Avenue Suite 2800
Seattle, Washington 98101
(206) 407-2200