1

2

3

4

5                     UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
6                              AT SEATTLE

7    RAILCAR MANAGEMENT, LLC,

8                          Plaintiff,
          v.
9
     CEDAR AI, INC.; MARIO PONTICELLO;
10   DARIL VILHENA; and JOHN DOES 1–10,            C21-437 TSZ

11                         Defendants,            MINUTE ORDER
          v.
12
     WABTEC CORPORATION,
13
                     Third-Party Defendant.
14

15        The following Minute Order is made by direction of the Court, the Honorable
     Thomas S. Zilly, United States District Judge:

16        (1)     The motion to strike declarations, docket no. 60, brought by Railcar
     Management, LLC ("RM LLC") and Wabtec Corporation ("Wabtec") is DENIED.  In
17   April 2021, RM LLC initiated this action against ten Doe defendants, alleging that they
     had downloaded from RM LLC's transportation management system ("TMS") certain
18   data of RM LLC's customers.  See Compl. at ¶¶ 2 & 14–22 (docket no. 1).  In July 2021,
     after conducting expedited discovery, RM LLC filed an Amended Complaint, docket
19   no. 22, identifying as defendants Cedar AI, Inc. ("Cedar"), Mario Ponticello, and Daril
     Vilhena (collectively, the "Cedar Defendants").  In November 2021, the Cedar
20   Defendants filed a responsive pleading, docket no. 31, which is denominated as their
     answer, affirmative defenses, counterclaims, and third-party complaint; the responsive
21   pleading asserts federal and state antitrust and other counterclaims against RM LLC, and
     it names Wabtec (RM LLC's parent company) as a third-party defendant.  Attached to
22   the Cedar Defendants' responsive pleading are eighteen exhibits, three of which are

23

MINUTE ORDER - 1

1  declarations by individuals working for customers of either RM LLC or Cedar.  Two of
these declarations indicate that, contrary to the allegations of RM LLC's Amended
2  Complaint, the Cedar Defendants had legitimate access to the inventory data of the
particular RM LLC customers at issue.  The other declaration concerns a customer's
3  transition from using RM LLC's TMS to using Cedar's TMS, offering factual support for
the Cedar Defendants' theory that this litigation is retaliatory and/or anticompetitive in
4  nature.  In seeking to strike these declarations, RM LLC and Wabtec fail to make the
requisite showing that they contain "redundant, immaterial, impertinent, or scandalous
5  matter."  _See_ Fed. R. Civ. P. 12(f); _see also_ _Novva Ausrustung Grp., Inc. v. Kajioka_,
No. 2:17-cv-1293, 2017 WL 2990850, at *1–2 (D. Nev. July 13, 2017) (articulating the
6  standards applicable to Rule 12(f) motions, which are "heavily disfavored").  In addition,
RM LLC's and Wabtec's reliance on Rules 10(c) and 12(d) is misplaced.  The former
7  rule indicates that a copy of a written instrument attached as an exhibit to a pleading is
"part of the pleading for all purposes," Fed. R. Civ. P. 10(c), and the latter rule requires
8  that a motion pursuant to Rules 12(b)(6) or 12(c) be treated as a motion for summary
judgment if the Court considers "matters outside the pleadings," Fed. R. Civ. P. 12(d).
9  Neither rule addresses the striking of declarations appended to a pleading and, regardless
of whether exhibits to a pleading are "written instruments" within the meaning of
10  Rule 10(c), Ninth Circuit jurisprudence allows the Court to consider such materials
without converting a motion to dismiss into a motion for summary judgment.  _See_ _Parks_
11  _Sch. of Bus., Inc. v. Symington_, 51 F.3d 1480, 1484 (9th Cir. 1995); _see also_ _N. Indiana_
_Gun & Outdoor Shows, Inc. v. City of South Bend_, 163 F.3d 449, 452-53 & n.4 (7th Cir.
12  1998) (observing that, historically, "written instrument" was interpreted to include
affidavits, and a broad interpretation "comports with the traditionally generous nature in
13  which [courts] view pleadings").  Thus, for purposes of RM LLC's and/or Wabtec's
separate motions to strike affirmative defenses and dismiss the counterclaims and third-
14  party claims, respectively, that are asserted against them, the declarations at issue will be
treated as part of the Cedar Defendants' responsive pleading.

15
          (2)    Railcar Management, LLC's motion to strike affirmative defenses, docket
16  no. 61, is DENIED.  The Cedar Defendants have asserted six affirmative defenses:
(i) failure to state a claim; (ii) unjust enrichment; (iii) unclean hands; (iv) equitable
17  estoppel; (v) laches; and (vi) abuse of process.  Contrary to RM LLC's argument, the
Cedar Defendants were entitled to plead failure to state a claim in lieu of making a
18  separate motion under Rule 12(b)(6) and thereby avoid waiving such defense.  _See_ Fed.
R. Civ. P. 12(h)(1).  With respect to the Cedar Defendants' remaining affirmative
19  defenses, the Court's inquiry is whether the responsive pleading gives RM LLC "fair
notice."  _See_ _Wyshak v. City Nat'l Bank_, 607 F.2d 824, 827 (9th Cir. 1979).  "Fair notice"
20  means merely describing the defense in general terms; it does not require detailed factual
allegations.  _See_ _Ernest Bock, L.L.C. v. Steelman_, No. 2:19-cv-1065, 2021 WL 4750726,
21  at *2–3 (D. Nev. Sep. 22, 2021) (concluding that the pleading standards articulated in
_Bell Atl. Corp. v. Twombly_, 550 U.S. 544 (2007), and _Ashcroft v. Iqbal_, 556 U.S. 662
22  (2009), do not apply to affirmative defenses (citing _Fed. Trade Comm'n v. AMG Servs.,_

23

MINUTE ORDER - 2

1   *Inc.*, No. 2:12-cv-536, 2014 WL 5454170, at *5 (D. Nev. Oct. 27, 2014) (observing that
    Rule 8(c), which governs affirmative defenses, does not require a "short and plain"

2   statement and is not subject to *Twombly* or *Iqbal*))).  In deciding a motion to strike
    affirmative defenses, the Court must view the pleadings in the light most favorable to the

3   non-moving party.  *See Seattlehaunts, LLC. v. Thomas Family Farm, LLC*, No. C19-
    1937, 2020 WL 5500373, at *4 (W.D. Wash. Sept. 11, 2020).  Having thoroughly

4   reviewed, through the appropriate lens, both RM LLC's Amended Complaint, docket
    no. 22, and the Cedar Defendants' responsive pleading, docket no. 31, the Court

5   concludes that, although the affirmative defenses are terse and boilerplate in nature,
    when linked to the facts alleged in both operative pleadings, they provide RM LLC with

6   sufficient notice concerning the contours of the asserted defenses.  *See McElmurry v.
    Ingebritson*, No. 2:16-cv-419, 2017 WL 9486190 (E.D. Wash. Aug. 14, 2017).  Whether

7   the affirmative defenses have merit is a question for another stage of this litigation.
    With respect to abuse of process, the Court treats the pleaded defense as a compulsory

8   counterclaim.  *See Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1252–53 (9th
    Cir. 1987) (holding that abuse of process is a compulsory counterclaim in the action that

9   is allegedly abusive); *see also* Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates
    . . . a counterclaim as a defense, the court must, if justice requires, treat the pleading as

10  though it were correctly designated . . . .").  Regardless of whether abuse of process is an
    affirmative defense or a counterclaim, it has been adequately pleaded.

11

            (3)      The Clerk is directed to send a copy of this Minute Order to all counsel of

12  record.

13          Dated this 29th day of April, 2022.

14                                                    Ravi Subramanian
                                                      Clerk

15
                                                      s/Gail Glass
16                                                    Deputy Clerk

17

18

19

20

21

22

23

MINUTE ORDER - 3