UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAILCAR MANAGEMENT, LLC,

        Plaintiff,

v.

CEDAR AI, INC.; MARIO PONTICELLO;
DARIL VILHENA; and JOHN DOES 1–10,

        Defendants,

v.

WABTEC CORPORATION,

        Third-Party Defendant.

C21-437 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The motion to dismiss, docket no. 62, brought by Railcar Management, LLC ("RM LLC") and Wabtec Corporation ("Wabtec"), is DENIED. Cedar AI, Inc. ("Cedar"), Mario Ponticello, and Daril Vilhena (collectively, the "Cedar Defendants") assert the following counterclaims and third-party claims against RM LLC and Wabtec, respectively: monopolization and attempted monopolization in violation of Sherman Act § 2 and RCW 19.86.040; refusal to deal in violation of Sherman Act § 2; tortious interference with business expectancy; and unfair competition in violation of RCW 19.86.020. Assuming the truth of the Cedar Defendants' allegations and drawing all reasonable inferences in their favor, as the Court must on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), *see*, *e.g.*, *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987), the Court concludes that the Cedar Defendants have pleaded cognizable legal theories and stated sufficient facts to demonstrate "plausible" grounds for relief. *See* *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). The Cedar Defendants allege as follows: (i) Wabtec operates as RM LLC's alter ego and the separateness of these corporate entities has ceased to exist, Countercl. & 3d Party Compl. at ¶ 6 (docket no. 31); (ii) in 2016, RM LLC "acquired its only meaningful [then] existing

MINUTE ORDER - 1

competitor, ShipXpress," and in late 2019 or early 2020, announced it would discontinue ShipXpress's product ("Command"), thereby forcing customers to switch to RM LLC's allegedly inferior transportation management system ("TMS"), known as "RailConnect," id. at ¶¶ 12–13 & 25; (iii) RM LLC has an over 80% share of the market for TMS products for shortline railroads in the United States, id. at ¶ 17; (iv) RM LLC's market position is "protected by high barriers to entry and expansion," id. at ¶ 86; (v) Cedar is "the only supplier to break into the Shortline Railroad TMS Market in the last decade," and it is RM LLC's "only major competitor," with a market share of about 4%, id. at ¶¶ 85 & 88; (vi) RM LLC has attempted to deter and/or actually deterred its customers from switching to Cedar's or another TMS by (a) threatening to terminate existing TMS services within 60 days (a period too short for conversion to another TMS) unless the customers execute multi-year contracts or extensions, (b) charging onerous early termination fees, and/or (c) restricting former customers' access to their historical data, see id. at ¶¶ 54–60, 92, & 99–101; (vii) certain RM LLC customers have indicated that they wish to switch to Cedar's TMS, known as "Automated Rail Management System," but they are unable to do so because of RM LLC's conduct, see id. at ¶ 62; (viii) Wabtec has repeatedly attempted to acquire Cedar and thereby eliminate competition, see id. at ¶¶ 63–71; and (ix) RM LLC ceased working cooperatively with Cedar on the development of an interface between RM LLC's TMS (RailConnect) and "Optiswitch," a railyard optimization tool created by Cedar, and it now sues the Cedar Defendants for accessing from RailConnect the snapshot data feeds of certain RM LLC customers, which Optiswitch had been permitted by RM LLC to automatically do during the period (November 1–3, 2020) when RM LLC alleges that "suspicious activity" occurred on its TMS, id. at ¶¶ 31–37, 41–44, 51–52, 75–76; see also Am. Compl. at ¶¶ 26–27 (docket no. 22). In seeking to dismiss, RM LLC and Wabtec essentially challenge the veracity of these allegations and the merits of the asserted counterclaims and third-party claims, as opposed to the adequacy with which they are pleaded, and the Court leaves to another day the issue of whether the Cedar Defendants can prove their antitrust and other accusations.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 3rd day of May, 2022.

Ravi Subramanian  
Clerk

s/Gail Glass  
Deputy Clerk

MINUTE ORDER - 2