THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAILCAR MANAGEMENT, LLC,

Plaintiff,

v.

CEDAR AI, INC., MARIO PONTICELLO,
DARIL VILHENA, and JOHN DOES 1 through
10, inclusive,

Defendants.

Case No. 2:21-cv-00437-TSZ

**STIPULATED PROTECTIVE
ORDER**

CEDAR AI, INC.,

Counterclaim-Plaintiff,

v.

RAILCAR MANAGEMENT, LLC,
GE TRANSPORTATION, WABTEC
CORPORATION,

Counterclaim and Third-Party
Defendants.

1.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or
private information for which special protection may be warranted.  Accordingly, the Parties hereby

stipulate to and petition the court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Stipulated Protective Order is consistent with LCR 26(c).  It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle Parties to file confidential information under seal.

2.    DEFINITIONS

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  "CONFIDENTIAL" information or material shall include the following documents and tangible things produced or otherwise exchanged:  (a) information prohibited from disclosure by statute; (b) research, technical, commercial, or financial information that the Party has maintained as confidential; (c) medical information concerning any individual; (d) personal identifying information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (f) personal or employment records of a person who is not a Party to the case.

2.3    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.4    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as

a consultant in this action, and (2) is not a past, current, or anticipated employee, independent contractor of a Party or of a Party's competitor.

2.6 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or material shall include documents and tangible things produced or otherwise exchanged that contain extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  By way of example only, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information includes: (a) information that reveals trade secrets; (b) competitively sensitive information such as non-public proposed or actual pricing or other contract or sales terms; (c) financial, marketing, or strategic business planning information; (d) sensitive and non-public research or analysis; (e) non-public customer information; or (f) information relating to research, development, testing of, or plans for existing or proposed future products.

2.7 Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8 Outside Counsel of Record:  attorneys who are not employees of a Party to this action, but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.9 Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.10 Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11 Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.12 Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, communications, discovery responses, or presentations by Parties or their counsel that might reveal Protected Material.

However, the protections conferred by this Stipulated Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or (if not re-filed by the deadline) without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    ACCESS TO AND USE OF PROTECTED MATERIAL

5.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

5.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel Of Record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order), as well as their staff, of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, court personnel, and court reporters and their staff;

(e)     mediators and their staff who are engaged in mediation or alternative dispute resolution with the Parties and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(f)     persons or entities that provide litigation support services retained by a Party or a Party's Outside Counsel Of Record, including but not limited to professional jury or trial consultants, mock jurors, and copy or imaging services retained by counsel to assist in the duplication of Protected Material, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that the Party or Outside Counsel of Record for the Party retaining the copy or imaging service instructs the service not to disclose any Protected Material to third parties and to immediately return all originals and copies of any Protected Material;

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound, and for electronic versions, segregated, by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h)    the author, addressees, or recipients of a document containing the information or a custodian or other person who otherwise possessed, would have likely reviewed, or knew the information, or who is specifically identified in the document.

5.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Experts (as defined in this Order), as well as their staff, of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 5.4, below, have been followed;

(c)    the court, court personnel, and court reporters and their staff;

(d)    mediators and their staff who are engaged in mediation or alternative dispute resolution with the Parties and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(e)    persons or entities that provide litigation support services retained by a Party or a Party's Outside Counsel of Record, including but not limited to professional jury or trial consultants, mock jurors, and copy or imaging services retained by counsel to assist in the duplication of Protected Material, to whom disclosure is reasonably necessary for this litigation and

who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that the Party or Outside Counsel of Record for the Party retaining the copy or imaging service instructs the service not to disclose any Protected Material to third parties and to immediately return all originals and copies of any Protected Material;

(f)     the author, addressees, or recipients of a document containing the information or a custodian or other person who otherwise possessed or knew the information, or who is specifically identified in the document.

5.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a)     If a Party seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Paragraph 4.3(b), then the Party seeking to disclose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items to the Expert shall inform the Party that produced such "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items of this fact in writing. The Party seeking to make such a disclosure need not disclose the identity of the Expert, but must indicate, as appropriate, the general categories of information or items that will be disclosed to the Expert.

(b)     A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable) seeking permission from the court to do so.

1   Any such motion must describe the circumstances with specificity, set forth in detail the reasons

2   why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure

3   would entail, and suggest any additional means that could be used to reduce that risk. In addition,

4   any such motion must be accompanied by a competent declaration describing the Parties' efforts to

5   resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions)

6   and setting forth the reasons advanced by the Designating Party for its refusal to approve the

7   disclosure.

8          (d)      In any such proceeding, the Party opposing disclosure to the Expert shall

9   bear the burden of proving that the risk of harm that the disclosure would entail (under the

10  safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

11  its Expert.

12         (e)      Nothing in this Section shall require that the Expert be disclosed to the

13  Designating Party prior to the court-ordered deadline for disclosure.  If necessary, any motion or

14  letter to the court shall be redacted so as to not disclose the Expert's name to the Designating Party.

15         5.5      Filing Protected Material.  Before filing Protected Material or discussing or

16  referencing such material in court filings, the filing Party shall confer with the Designating Party,

17  in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the Designating Party will

18  remove the confidential designation, whether the document can be redacted, or whether a motion

19  to seal or stipulation and proposed order is warranted.  During the meet and confer process, the

20  Designating Party must identify the basis for sealing the specific confidential information at issue,

21  and the filing Party shall include this basis in its motion to seal, along with any objection to sealing

22  the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and

23  the standards that will be applied when a Party seeks permission from the court to file material

24  under seal.  A Party who seeks to maintain the confidentiality of its information must satisfy the

25  requirements of Local Civil Rule 5(g)(3)(B), even if it is not the Party filing the motion to seal.

26

Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

6. <u>DESIGNATING PROTECTED MATERIAL</u>

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly

identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each document that contains Protected Material.

(b)      Testimony given in deposition or in other pretrial proceedings:  the Parties and any participating Non-Parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to provisionally designate the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and have up to 28 days after receipt of the certified transcript of the deposition (or hearing or other proceeding) to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 28 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 28 days afterwards if that period is properly invoked, that

1   the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
2   ATTORNEYS' EYES ONLY."

3        Parties shall give the other Parties notice if they reasonably expect a deposition,
4   hearing, or other proceeding to include Protected Material so that the other Parties can ensure that
5   only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"
6   (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition
7   shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
8   – ATTORNEYS' EYES ONLY."

9        When a document or other material designated as "CONFIDENTIAL" or "HIGHLY
10  CONFIDENTIAL – ATTORNEYS' EYES ONLY" is introduced as an exhibit, counsel
11  introducing such exhibit shall advise the court reporter that the exhibit is "CONFIDENTIAL" or
12  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Stipulated
13  Protective Order.  Transcripts containing Protected Material shall have an obvious legend on the
14  title page that the transcript contains Protected Material, and the title page shall be followed by a
15  list of all pages (including line numbers as appropriate) that have been designated as Protected
16  Material and the level of protection being asserted by the Designating Party. The Designating Party
17  shall inform the court reporter of these requirements. Any transcript that is prepared before the
18  expiration of a 28-day period for designation shall be treated during that period as if it had been
19  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless
20  otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually
21  designated.

22        (c)    Other tangible items:  the producing Party must affix in a prominent place
23  on the exterior of the container or containers in which the information or item is stored the legend
24  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a
25  portion or portions of the information or item warrant protection, the Producing Party, to the extent
26  practicable, shall identify the protected portion(s).

6.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the information or material is treated in accordance with the provisions of this Stipulated Protective Order.

7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1 <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2 <u>Meet and Confer</u>.  The Parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected Parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3 <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).[1]  The burden of

---

[1] After any Party makes ten challenges to a Designating Party's confidentiality designations, the burden to file a motion shall shift to the Challenging Party for any additional challenges, to avoid abuse of the process. Failure by the Challenging Party to make such a motion shall automatically waive the challenge to each confidentiality designation. The burden of persuasion remains on the Designating Party.

persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)    promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[2]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of

_____

[2] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

10.1    Pursuant to Federal Rule of Evidence 502(d), production of a document or information subject to a claim of attorney-client privilege, work product doctrine, joint defense or common interest privilege, or other applicable privilege or protection ("Privileged Material"), whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this litigation or in any other federal or state proceeding or private arbitration proceeding. For example, the mere disclosure of Privileged Material in this litigation as part of a mass production is not itself a waiver of such privilege or protection in this litigation or in any other federal or state proceeding or private arbitration proceeding, although a Receiving Party reserves the right to challenge the claim of privilege. The Parties intend this Order to provide the maximum protection against waiver of privilege available under Rule 502(d) and to override the analysis set forth under Rule 502(b), subsections (1) through (3).

10.2    A Receiving Party notified of a disclosure of Privileged Material must promptly return, sequester, or destroy the Privileged Material and any copies it has; must not use or disclose

Privileged Material until any challenge to the claim of privilege is resolved; must take reasonable steps to retrieve Privileged Material if the Receiving Party disclosed it before being notified; and may promptly present the Privileged Material to the court under seal for a determination if the Receiving Party challenges the claim of privilege.

11.   <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each Receiving Party must return all Protected Material to the Producing Party, including all copies, extracts, and summaries thereof.  Alternatively, the Parties may agree upon appropriate methods of destruction. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

The confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

1          IT IS SO STIPULATED AND DATED this 10th day of May, 2022.

2

3    TERRELL MARSHALL LAW                    CALFO EAKES LLP
     GROUP PLLC

4    By: /s/ Beth E. Terrell, WSBA #26759    By: /s/ Henry C. Phillips, WSBA #55152
         Beth E. Terrell, WSBA #26759            Henry C. Phillips, WSBA #55152
5        Email: bterrell@terrellmarshall.com     Email: HenryP@calfoeakes.com
         Adrienne D. McEntee, WSBA #34061        1301 2nd Avenue, Suite 2800
6        Email: amcentee@terrellmarshall.com     Seattle, Washington 98101-3808
         Eden B. Nordby, WSBA #58654             Telephone: (206) 407-2200
7        Email: enordby@terrellmarshall.com
         936 North 34th Street, Suite 300
8        Seattle, WA 98103-8869                  Charles E. Harris, II,
         Telephone: (206) 816-6603               *Admitted Pro Hac Vice*
9        Facsimile: (206) 319-5450               Email: CHarris@mayerbrown.com
                                                 Richard M. Assmus,
10       Bonnie Lau, *Admitted Pro Hac Vice*     *Admitted Pro Hac Vice*
         Email: blau@mofo.com                    Email: RAssmus@mayerbrown.com
11       Margaret A. Webb,                       Emily A. Nash
         *Admitted Pro Hac Vice*                 *Admitted Pro Hac Vice*
12       Email: mwebb@mofo.com                   Email: ENash@mayerbrown.com
         MORRISON & FOERSTER LLP                 MAYER BROWN LLP
13       425 Market Street                       71 South Wacker Drive
         San Francisco, CA 94105                 Chicago, Illinois 60606-4637
14       Telephone: (415) 268-7000               Telephone: (312) 782-0600
         Facsimile: (415) 268-7522
15                                               Kristin W. Silverman, WSBA #49420
         David D. Cross, *Admitted Pro Hac Vice*  Email: KSilverman@mayerbrown.com
16       Email: dcross@mofo.com                  MAYER BROWN LLP
         Mary G. Kaiser, *Admitted Pro Hac Vice*  Two Palo Alto Square
17       Email: mkaiser@mofo.com                 3000 El Camino Real
         MORRISON & FOERSTER LLP                 Palo Alto, California 94306-2112
18       2100 L Street, NW, Suite 900            Telephone: (650) 331-2000
         Washington, DC 20037
19       Telephone: (202) 887-1500              *Attorneys for Plaintiff Railcar Management,*
         Facsimile: (202) 887-0763             *LLC and Third-Party Defendant Wabtec*
20                                              *Corporation*

21   *Attorneys for Defendants/*
     *Counterclaim Plaintiffs*

22

23

24

25

26

1          PURSUANT TO STIPULATION, IT IS SO ORDERED.

2          IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3    documents in this proceeding shall not, for the purposes of this proceeding or any other federal or

4    state proceeding, constitute a waiver by the producing Party of any privilege applicable to those

5    documents, including the attorney-client privilege, attorney work-product protection, or any other

6    privilege or protection recognized by law.

7

8          DATED:  May 24, 2022.

9

10

11

12                                        Thomas S. Zilly
                                          United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

1
2

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3       I, _____ [print   or   type   full   name],   of

4  _____ [print or type full address], declare under penalty of

5  perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued

6  by the United States District Court for the Western District of Washington on [date] in the case of

7  *Railcar Management, LLC v. Cedar AI, Inc, et al.*, No. 2:21-cv-00437-TSZ.  I agree to comply with

8  and to be bound by all the terms of this Stipulated Protective Order and I understand and

9  acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

10  of contempt.  I solemnly promise that I will not disclose in any manner any information or item

11  that is subject to this Stipulated Protective Order to any person or entity except in strict compliance

12  with the provisions of this Order.

13       I further agree to submit to the jurisdiction of the United States District Court for the

14  Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

15  Order, even if such enforcement proceedings occur after termination of this action.

16  Date: _____

17  City and State where sworn and signed: _____

18  Printed name: _____

19  Signature: _____

20
21
22
23
24
25
26

Stipulated Protective Order
Case No. 2:21-cv-00437-TSZ                    18