1

2

3

4

5

6
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8
RAILCAR MANAGEMENT, LLC,

9
Plaintiff,

v.

10

11
CEDAR AI, INC.; MARIO PONTICELLO; DARIL VILHENA; and JOHN DOES 1–10,

C21-437 TSZ

12
Defendants,

MINUTE ORDER

13
v.

14
GE TRANSPORTATION; and WABTEC CORPORATION,

15
Third-Party Defendants.

16
The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

17

18
(1)    Plaintiff Railcar Management, LLC's motion, docket no. 91, for leave to file a second amended complaint, is GRANTED in part and DENIED in part as follows.

19
(a)    Plaintiff may amend its operative pleading to add as a defendant the Chief Technology Officer ("CTO") for Cedar AI, Inc. (Yi Chen) and to assert

20
trespass-to-chattels and negligence claims. Defendants do not object to plaintiff's substitution of a trespass-to-chattels claim in place of its unjust-enrichment claim,

21
and their arguments concerning the futility of the negligence claim and the claims against CTO Chen are more appropriately addressed as part of dispositive motion

22
practice.

23

MINUTE ORDER - 1

        (b)     Plaintiff's request to add David McCrory as a defendant is DENIED without prejudice.  McCrory was previously employed by the Port Terminal Railroad Association of Houston ("PTRA"), which is one of plaintiff's customers, and he continues to work as an independent contractor for PTRA, which requires him to access plaintiff's transportation management system ("TMS" or "RailConnect").  *See* McCrory Decl. at ¶¶ 3–6 (docket no. 95-1).  Plaintiff proposes to plead "[o]n information and belief" that McCrory accessed plaintiff's TMS without authorization, and that, in doing so, he "acted on behalf and at the direction of" defendant Cedar AI, Inc. ("Cedar").  *See* Prop. 2d Am. Compl. at ¶¶ 8 & 19 (docket no. 92-1).  McCrory, however, has declared under oath that his work for Cedar does not involve any access to plaintiff's TMS, and that he has "never used [his] PTRA RailConnect credentials to log into RailConnect on Cedar's behalf, at Cedar's direction, or in connection with [his] work for Cedar."  McCrory Decl. at ¶ 8 (docket no. 95-1).  Plaintiff contends that this sworn statement merely creates a factual dispute, *see* Reply at 3 (docket no. 96), but plaintiff offers no "information" on which, in light of McCrory's declaration, it can now formulate a "belief" that McCrory improperly accessed plaintiff's TMS on Cedar's behalf.  In addition, plaintiff does not explain why McCrory would be personally liable for actions he allegedly took "on behalf and at the direction of" Cedar while serving as a consultant for the company.

        (c)     On or before August 31, 2022, plaintiff shall electronically file an amended pleading that is consistent with this Minute Order.  Any responsive pleading or motion shall be due within twenty-one (21) days after the filing or service of the operative complaint, whichever is later.

    (2)     The Clerk is DIRECTED to terminate the "John Doe" defendants and to send a copy of this Minute Order to all counsel of record.

    Dated this 9th day of August, 2022.


                                        Ravi Subramanian
                                        Clerk

                                        s/Gail Glass
                                        Deputy Clerk

MINUTE ORDER - 2