UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAILCAR MANAGEMENT, LLC,

        Plaintiff,

v.

CEDAR AI, INC.; MARIO PONTICELLO; DARIL VILHENA; and YI CHEN,

        Defendants,

v.

WABTEC CORPORATION,

        Third-Party Defendant.

C21-0437 TSZ

MINUTE ORDER

    The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

    (1)    The request for judicial notice, docket no. 132, made by defendants Cedar AI, Inc., Mario Ponticello, Daril Vilhena, and Yi Chen (collectively, the "Cedar Defendants"), is DENIED. The document at issue is a small portion[1] of the file https://support.railconnect.com/Manuals/TMSSystemMaintenance.pdf, which was generated by Google as it "crawl[ed] the web." See Ex. A (docket no. 132-1 at 2). The Cedar Defendants make no assertion that the excerpt contains facts that are "not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." See Fed. R. Evid. 201(b)(1)&(2). Rather, the Cedar Defendants ask the Court to take judicial notice of the alleged fact that the material was "publicly available" before this lawsuit commenced. See Reply at 3 (docket no. 156). The exhibit does not itself, however, establish how or to whom it was accessible. To prove that the file was on an open website at a particular moment in time, the Cedar Defendants must offer evidence and/or testimony outside the pleadings, which the Court may not consider in conjunction with

---

[1] The submitted pages consist of (i) the title page for "TMS Guide: System Maintenance," which bears a copyright notice, (ii) various warnings and explanations, (iii) the table of contents, and (iv) three pages of content from the section on "Master Files." Ex. A (docket no. 132-1 at 3–10).

MINUTE ORDER - 1

their related motion brought pursuant to Federal Rule of Civil Procedure 12(c).  *See Threshold Enters. Ltd v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145 (N.D. Cal. 2020) ("Generally, a court may not consider any material beyond the pleadings in ruling on a Rule 12(c) motion . . . ."); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990) ("Judgment on the pleadings is proper when the moving party clearly establishes *on the face of the pleadings* that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. . . . [J]udgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue . . . ." (citation omitted, emphasis added)).  In ruling on the Cedar Defendants' Rule 12(c) motion, the Court will not consider Exhibit A to their request for judicial notice.

(2) The Cedar Defendants' motion for partial judgment on the pleadings, docket no. 128, is DEFERRED and RENOTED to February 10, 2023.  The parties are DIRECTED to file, by the new noting date, supplemental briefs, not to exceed ten (10) pages in length, addressing the following issues:

(a) With respect to plaintiff's claim under the Counterfeit Access Device and Computer Fraud and Abuse Act of 1984 ("CFAA"), whether the Second Amended Complaint, docket no. 99, pleads the requisite "intent to defraud."  *See* 18 U.S.C. § 1030(a)(4); *Synopsys, Inc. v. Ubiquiti Networks, Inc.*, 313 F. Supp. 3d 1056, 1072 (N.D. Cal. 2018) (for a CFAA claim under § 1030(a)(4), an intent to defraud must be pleaded with particularity (citing Fed. R. Civ. P. 9(b) and *Oracle Am., Inc. v. Serv. Key, LLC*, No. C12-790, 2012 WL 6019580, at *6–7 (N.D. Cal. Dec. 3, 2012))); *see also hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1200–01 (9th Cir. 2022) (indicating that, because CFAA § 1030 applies to both civil actions and criminal prosecutions, the rule of lenity applies when construing the statute).

(b) With respect to the claim plaintiff asserts pursuant to the Stored Wire and Electronic Communications and Transactional Records Access provisions of the Electronic Communications Privacy Act of 1986, also known as the Stored Communications Act ("SCA"), whether the Second Amended Complaint, docket no. 99, adequately alleges that plaintiff's Transportation Management System ("TMS") or plaintiff's RailConnect File Transfer Protocol ("FTP") Site (ftp.railconnect.com) is "a *facility* through which an electronic communication service is provided."  *See* 18 U.S.C. § 2701(a) (emphasis added); 18 U.S.C. § 2510(15) (defining "electronic communication service" as a "service which provides to users thereof the ability to send or receive wire or electronic communications"); *see also In re Facebook, Inc. Internet Tracking Litig. (Davis v. Facebook, Inc.)*, 956 F.3d 589, 608 (9th Cir. 2020) (observing that, to pursue an SCA claim, the plaintiffs were required to plead that "Facebook (1) gained unauthorized access to a '*facility*,' where it (2) accessed an electronic communication in 'electronic storage'" (emphasis added)); *id.* at 609 n.10 (indicating that, because the information at issue was not in "electronic storage,"

MINUTE ORDER - 2

the Ninth Circuit "need not decide whether Plaintiffs sufficiently allege that their personal computers, web browsers, and browser managed files are '*facilities*,' through which electronic communications service *providers* operate" (emphasis added)).

      (c)    With respect to plaintiff's SCA claim, whether plaintiff's TMS and/or RailConnect FTP Site qualify as a "facility through which an electronic communication service is provided" constitutes a question of law or fact.

      (3)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 30th day of January, 2023.

Ravi Subramanian  
Clerk

s/Laurie Cuaresma  
Deputy Clerk

MINUTE ORDER - 3