UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAILCAR MANAGEMENT, LLC,

           Plaintiff,

  v.

CEDAR AI, INC.; MARIO PONTICELLO; DARIL VILHENA; and YI CHEN,

           Defendants,

  v.

WABTEC CORPORATION,

           Third-Party Defendant.

C21-0437 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    The motion brought by defendants Cedar AI, Inc., Mario Ponticello, Daril Vilhena, and Yi Chen, docket no. 168, to compel plaintiff Railcar Management, LLC to use different or additional search terms[1] for purposes of identifying electronically stored

---

[1] In a letter dated November 30, 2022, plaintiff's counsel Megan Stride listed 59 search strings. _See_ Ex. 4 to Kaiser Decl. (docket no. 169-4). The Court will refer to these search strings as "RMI's Search String No. *n*," where *n* is the number reflected on Appendix A to Ms. Stride's letter. Defendants do not propose any change to 27 of these search strings, namely RMI's Search Strings Nos. 1, 2, 4, 11–16, 18–25, 27, 30, 34–36, 45–47, 50, and 59. _Compare_ Exs. 1 & 2 to Kaiser Decl. (docket nos. 169-1 & 169-2) _with_ App'x A (docket no. 169-4 at 6–7). In proposing alterations to other search strings, defendants have merged or inserted certain items and thereby revised the numbering system, making the situation very confusing and more complicated than necessary. Defendants' search strings, as reflected in Exhibit 1 to Ms. Kaiser's declaration, docket no. 169-1, are identified in this Minute Order using the form "Cedar's Search String No. *n*."

MINUTE ORDER - 1

information ("ESI") responsive to defendants' discovery requests, is DENIED in part and GRANTED in part, as follows:

(a) Defendants' motion to add the terms "Falcon," "Overwatch," and "MDR" or "Managed Detection and Response" to RMI's Search String No. 3 is DENIED without prejudice; defendants have not explained how these words or phrases relate to this litigation;

(b) Defendants' motion to delete "Unauthoriz* w/3" from RMI's Search Strings Nos. 6, 7, 8, and 31, and to merge RMI's Search Strings 7 and 8 is DENIED; counsel shall meet and confer and use their best efforts to attempt to reach agreement concerning whether the "U" in "Unauthoriz* w/3" should be capitalized or lower case and whether any of the additional terms that defendants request (download, unusual, anomalous, reset, "RailConnect IT," investigat*, "look* into," login*, log-in, FTP, "File Transfer Protocol," snapshot, Cedar, server, system*, security, Moran, Crews, Murray, RailConnect, vendor, customer, railroad, pilot, credential, authori*, permission*, feed, revok*, limit, "IP," export*) should be included in one or more of these search strings;

(c) Defendants' motion to substitute Cedar's Search Strings Nos. 37 and 38 for RMI's Search Strings No. 38 and 39 is DENIED; Cedar's Search String No. 37 is overbroad and anticipated to identify far more records than would be proportional to the needs of this case; counsel shall meet and confer and use their best efforts to attempt to reach agreement concerning whether any of the additional terms that defendants request (Mario, Ponticello, Daril, Vilhena, Steve, Murray, @cedarai, eliminat*, buy*, "joint venture," partner*, NDA, equity, "commercial agreement," neutralize, worry, threat, disappear, "take out") should be included in RMI's Search String No. 39;

(d) Defendants' motion to insert Cedar's Search String No. 41 is DENIED; Cedar's Search String No. 41 is overbroad and anticipated to identify far more records than would be proportional to the needs of this case;

(e) Defendants' motion to merge RMI's Search Strings Nos. 52–58 is DENIED; counsel shall meet and confer and use their best efforts to attempt to reach agreement concerning whether the terms buy and/or merg* should be included in RMI's Search Strings Nos. 52 and/or 53, and whether the terms cutover, migrat*, transfer*, end, sunset, and/or shelve should be included in RMI's Search Strings Nos. 55 and/or 56;

(f) Defendants' motion to add Cedar's Search Strings Nos. 54, 56–61, 63–64, and 67–68 is DENIED; as formulated, these search strings are overbroad and anticipated to identify far more records than would be proportional to the needs of this case; defendants may propose more focused search strings, after

MINUTE ORDER - 2

which counsel shall meet and confer and use their best efforts to attempt to reach agreement concerning one or more search strings that would be expected to produce a reasonably-sized group of documents that are sought by the search strings referenced in this paragraph and not duplicative of materials identified via other search strings;

(g) Defendants' motion to add Cedar's Search Strings Nos. 55, 62, and 65–66 is GRANTED as follows. Plaintiff shall run each of these searches and disclose non-privileged, responsive materials, provided that, if more than 1,500 documents are identified for any given search (prior to review for privilege, duplication, relevance, and the like), then counsel shall meet and confer and use their best efforts to attempt to reach agreement concerning how the search or searches with more than 1,500 "hits" can be more narrowly tailored;

(h) Defendants' motion to make minor changes to RMI's Search Strings Nos. 5, 9, 10, 17, 28, 29, 32 is GRANTED;

(i) Except as otherwise indicated, defendants' motion to alter the logic of RMI's Search Strings, for example, by increasing the number of words between terms or substituting a disjunctive connector for a conjunctive one or vice versa, is DENIED; and

(j) Except as specifically granted, defendants' motion is DENIED. The Court DECLINES to award attorney's fees or costs to either side, and DECLINES to shift the expense of producing materials in response to defendants' requests for production from plaintiff to defendants. Counsel are hereby REMINDED of their obligation to work together to complete the discovery process in an efficient, cost-effective, and professional manner, and the Court expects a much higher level of cooperation than has been demonstrated to date.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 4th day of April, 2023.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 3