UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAILCAR MANAGEMENT, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>CEDAR AI, INC.; MARIO PONTICELLO; DARIL VILHENA; and YI CHEN,<br><br>        Defendants,<br><br>v.<br><br>WABTEC CORPORATION,<br><br>        Third-Party Defendant. | C21-0437 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendants' motion to file certain documents under seal or for public view, docket no. 175, is GRANTED in part and DENIED in part, as follows:

    (a) Exhibits 1, 4, 5, and 6 to the Declaration of Mary G. Kaiser, docket nos. 177, 177-3, 177-4, and 177-5, shall remain sealed at this time, but counsel are hereby ADVISED that the Court does not view these materials as being properly designated "highly confidential – attorneys' eyes only." Exhibits 1, 4, 5, and 6 are email chains that contain very general language like "we need to make things more difficult for our competition" or "there is no reason to conclude that Wabtec experienced a breach or that there has been unauthorized access to customer data," and neither plaintiff nor third-party defendant has offered any rationale for why

MINUTE ORDER - 1

the substance of these communications (as opposed to client identifiers, customer lists, or filenames) should be hidden from the public (or the opposing parties). For the most part, the relevant substantive content of these materials is highlighted in yellow on the unredacted versions, and the Court did consider this information before issuing the Minute Order dated April 4, 2023, docket no. 183. In the future, if the Court relies on sealed documents in deciding a motion, the documents will be unsealed. Consistent with Local Civil Rule 5(g), the Court declines to adopt an all-or-nothing (seal or don't seal) approach, and the attorneys are encouraged, in the future, to meet and confer, agree on appropriate redactions, and file only redacted, publicly-available versions of materials that allegedly support their positions on pending motions.

(b) Exhibits 2 and 3 to the Declaration of Mary G. Kaiser, docket nos. 177-1 and 177-2, shall remain sealed; both Exhibit 2, which contains two emails authored by Nicole Hutchings, who is in the Commercial Operations, Transport Logistics department for GE Transportation, a Wabtec Company, and Exhibit 3, which contains a slide deck dated May 11, 2021, and titled "2022-2024 STRAP – Network & Logistics," are permeated with financial information, business plans, strategies, and/or projections, and/or customer data, which was not particularly relevant to the discovery issues before the Court, and the Court concludes that "good cause" supports keeping these materials confidential.

(c) Exhibit 9 to the Declaration of Mary G. Kaiser, docket no. 177-6, which is the unredacted version of defendants' reply in support of their motion to compel use of different or additional search terms, docket no. 168, shall remain under seal; a redacted version of the reply was previously filed, docket no. 174, and the unredacted version was considered by the Court in ruling on the motion to compel.

(2) Plaintiff's and Third-Party Defendant's request, docket no. 184, to strike the sealed exhibits to the Declaration of Mary G. Kaiser, is DENIED. Although the Court is extremely disappointed by the attorneys' failure to cooperate concerning the filing and sealing of confidential materials, the Court is satisfied that counsel for plaintiff Railcar Management, LLC ("Railcar") and third-party defendant Wabtec Corporation ("Wabtec") had sufficient notice of defendants' intention to submit the documents that Railcar's and Wabtec's attorneys could have filed, contemporaneously with the sealed documents, an appropriately noted motion to seal, as required in Paragraph 2 of the Minute Order entered December 27, 2021, docket no. 51. And, at a minimum, the lawyers could have stipulated to sealing the records, subject to the subsequent filing of appropriately redacted versions, to afford themselves additional time for negotiations. **The Court again reminds counsel of their obligations to work together in good faith, using their best efforts, and to exhibit courtesy and professionalism in their dealings with one another.**

MINUTE ORDER - 2

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 1st day of May, 2023.

                                            Ravi Subramanian
                                            Clerk

                                            s/Laurie Cuaresma
                                            Deputy Clerk

MINUTE ORDER - 3