UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAILCAR MANAGEMENT, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>CEDAR AI, INC.; MARIO PONTICELLO; DARIL VILHENA; and YI CHEN,<br><br>        Defendants,<br><br>v.<br><br>WABTEC CORPORATION,<br><br>        Third-Party Defendant. | C21-0437 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion for reconsideration,[1] docket no. 178, as amended, docket no. 182-1, is GRANTED in part and DENIED in part, as follows:

(a) With regard to plaintiff's claim against defendant Cedar AI, Inc. ("Cedar AI") under 18 U.S.C. § 1030(a)(5)(C), a provision of the Counterfeit Access Device and Computer Fraud and Abuse Act of 1984 ("CFAA"), the Court

---

[1] In support of its motion for reconsideration, plaintiff has offered declarations by one of its attorneys and by a senior director at Wabtec Corporation, plaintiff's parent company. See Harris Decl. (docket no. 180); Parker Decl. (docket no. 179). Neither declaration contains new facts that "could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). These declarations are neither timely submitted nor appropriate for consideration with respect to the underlying Rule 12(c) motion. See Fed. R. Civ. P. 12(d).

MINUTE ORDER - 1

RECONSIDERS its earlier ruling, and rather than granting judgment on the pleadings in favor of Cedar AI, the Court DISMISSES the CFAA § 1030(a)(5)(C) claim without prejudice and with leave to amend;

(b) Plaintiff's motion for reconsideration is otherwise DENIED;

(c) Any amended complaint shall <u>not</u> include or replead claims that have been dismissed or as to which judgment on the pleadings has been granted against plaintiff,[2] and it shall be electronically filed within seven (7) days of the date of this Minute Order; and

(d) Any responsive pleading or motion shall be filed within fourteen (14) days after any amended complaint is filed.

(2) Cedar AI's motion to compel, docket no. 190, as submitted in unredacted form, docket no. 197, is DEFERRED and RENOTED to June 30, 2023. The Court DIRECTS the parties as follows:

(a) On or before May 30, 2023, Cedar AI shall file a list designating up to twenty (20) privilege log entries that it believes relate to communications or documents not protected by attorney-client privilege or the work-product doctrine.

(b) By June 16, 2023, plaintiff shall provide to the Court for *in camera* review the communications or documents associated with the privilege log entries designated by Cedar AI. The materials shall be delivered to the Clerk's Office in an envelope marked "FOR HONORABLE THOMAS S. ZILLY – IN CAMERA REVIEW." Plaintiff shall contemporaneously file a supplemental brief, not to exceed ten (10) pages in length, identifying with particularity the persons involved in the communications at issue (*i.e.*, their names, employers, positions, and roles in the underlying events and/or this litigation) and explaining why it asserts attorney-client privilege and/or the work product doctrine with respect to the designated documents. Cedar AI may file a response, not to exceed ten (10) pages in length, on or before June 26, 2023. Plaintiff may file a reply, not to exceed five (5) pages in length, by June 30, 2023.

---

[2] By Order entered March 16, 2023, docket no. 170, the Court dismissed any CFAA claims brought under 18 U.S.C. §§ 1030(a)(1), (a)(2)(A), (a)(2)(B), (a)(3), (a)(4), (a)(5)(A), (a)(5)(B), (a)(6) and (a)(7), granted judgment on the pleadings in favor of defendants Mario Ponticello, Daril Vilhena, and Yi Chen on plaintiff's first (CFAA), second (Stored Communications Act ("SCA")), fifth (Consumer Protection Act ("CPA")), seventh (trespass-to-chattels), and eighth (negligence) claims, and granted judgment on the pleadings in favor of Cedar AI on plaintiff's SCA and CPA claims.

MINUTE ORDER - 2

(c)     The Court's *in camera* review of the designated items shall serve as a litmus test for whether attorney-client privilege and the work-product doctrine have been appropriately invoked.  The Court will consider extending its ruling on the twenty selected log entries to all other, non-designated, entries and associated materials, as well as awarding attorney's fees and costs to the prevailing party.  Counsel shall continue to meet and confer and attempt in good faith to narrow the scope of or resolve this dispute without the Court's involvement, and they shall immediately notify the Court if *in camera* review is no longer necessary.

(3)     Plaintiff's unopposed motion to seal, docket no. 192, is GRANTED, and Exhibits G–T to the Declaration of Mary G. Kaiser, docket nos. 195 – 195-13, and the unredacted version of plaintiff's response, docket no. 202, to Cedar AI's motion to compel, shall remain sealed.  The Court makes no ruling, however, regarding whether any of these materials will be unsealed at a later date so that any order concerning Cedar AI's motion to compel may be filed for public view.

(4)     The parties have entered into a stipulation, docket no. 203, concerning expert witnesses.  The stipulation has been made part of the record.

(5)     The parties' stipulated motion, docket no. 204, to continue the trial date and related deadlines, is GRANTED, as follows:

| **JURY TRIAL DATE (10 days)** | **January 22, 2024** |
| --- | --- |
| Discovery motions filing deadline | June 15, 2023 |
| Disclosure of expert testimony | July 31, 2023 |
| Discovery completion deadline | September 27, 2023 |
| Dispositive motions filing deadline | October 5, 2023 |
| Deadline for filing motions related to expert testimony (*e.g.*, Daubert motions) | October 12, 2023 |
| Motions in limine filing deadline | December 21, 2023 |
| Agreed pretrial order due | January 5, 2024 |

MINUTE ORDER - 3

| Trial briefs, proposed voir dire questions, and jury instructions due | January 5, 2024 |
|---|---|
| Pretrial conference | January 12, 2024 at 10:00 a.m. |

All other previously-set deadlines have expired. The provisions of the Minute Order Setting Trial and Related Dates, docket no. 75, concerning any alteration of the case schedule and the need for counsel to be prepared to commence trial on the date set, the agreed pretrial order and the form of the exhibit list to be included therein, the numbering of trial exhibits, and immediate communication to the Court of any settlement, remain in full force and effect.

(6)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 18th day of May, 2023.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 4