THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAILCAR MANAGEMENT, LLC,<br><br>                       Plaintiffs,<br><br>v.<br><br>CEDAR AI, INC., MARIO PONTICELLO, DARIL VILHENA, and JOHN DOES 1 through 10, inclusive,<br><br>                       Defendants. | Case No. 2:21-cv-00437-TSZ<br><br>**ORDER APPROVING STIPULATED ADDENDUM TO THE PROTECTIVE ORDER** |
| CEDAR AI, INC.,<br><br>                       Counterclaim Plaintiff,<br><br>v.<br><br>RAILCAR MANAGEMENT, LLC, WABTEC CORPORATION,<br><br>                       Counterclaim and<br>                       Third-Party Defendants. | |

ORDER APPROVING STIPULATED ADDENDUM
TO THE PROTECTIVE ORDER - 1
Case No. 2:21-cv-00437-TSZ

12. <u>PURPOSES AND LIMITATIONS</u>

12.1 As an addendum to the Stipulated Protective Order (ECF No. 79), the Parties have agreed to the following additional provisions to protect the confidentiality of any executable software and source code, to the extent either is produced in this case. Nothing in this Order shall be construed as a representation or admission that source code or executable software is properly discoverable in this action, or to obligate any Party to produce any source code or executable software. The Parties acknowledge that this Stipulated Addendum to the Protective Order is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle Parties to file confidential information under seal.

**<u>PROCEDURES FOR SOURCE CODE REVIEW</u>**

13. <u>SCOPE</u>

13.1 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items include computer code, scripts, assembly, object code, source code listings, comments for source code, source code revision histories, and descriptions of source code, object code listings, comments for object code, object code revision histories, and descriptions of object code computer code, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

13.2 The protections conferred by this Stipulated Addendum to the Protective Order cover not only "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, but also (1) any information copied or extracted from "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items; (2) all copies, excerpts, summaries, or compilations of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal "HIGHLY

CONFIDENTIAL – SOURCE CODE" Information or Items. Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items for any purpose.

14.   PRODUCTION AND HANDLING OF SOURCE CODE

   14.1   Production and Designation of Source Code. A Producing Party may designate as "HIGHLY CONFIDENTIAL - SOURCE CODE" any information or items identified above if they comprise or include information that is confidential, proprietary, or trade secret.

   14.2   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the information or material is treated in accordance with the provisions of this Stipulated Addendum to the Protective order.

   14.3   Access to and Use of Protected Material.

   (a)   Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraph 5.3 of the Stipulated Protective Order (ECF No. 79).

   (b)   The procedures for Approving or Objecting to disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts shall follow the procedures of Paragraph 5.4 of the Stipulated Protective Order, except that the Receiving Party's request pursuant to Paragraph 5.4(a) must also (1) include the full name of the Expert to which the information or items will be disclosed, (2) attach a copy of the Expert's current resume, (3) identify the Expert's current employer(s), and (4) identify each person or entity in

the rail industry from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years. A Party that makes a request and provides the information specified in this paragraph may disclose the subject Protected Material to the identified Expert unless, within 3 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) Paragraph 5.4(e) of the Stipulated Protective Order shall not apply to Experts to whom a Receiving Party seeks to disclose "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.

(d) A Receiving Party may use Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order and the Stipulated Protective Order (ECF No. 79). When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 of the Stipulated Protective Order (ECF No. 79). For the avoidance of doubt, no Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" produced by a Party or by a Non-Party in connection with this case may be used in any other litigation or proceeding of any kind, including but not limited to any patent prosecution or acquisition, patent reexamination, patent litigation, or reissue proceedings.

(e) Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(f) Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be made available for inspection upon reasonable notice during normal business hours or at other mutually agreeable times at the office of the Producing Party's counsel, or at

another mutually agreed upon location, in a format allowing it to be reasonably reviewed and searched. Such material shall be made available for inspection in a secured room on a secured computer (the "Source Code Computer" in the "Source Code Review Room") without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Protected Material. Prior to any source code review, the parties will meet and confer regarding the tools that are reasonably necessary to review the source code on the Source Code Computer. The Producing Party will install such tools prior to any source code review.

(g)     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, smartphones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room. The Producing Party will provide the Receiving Party with a secure location near the Source Code Review Room to store their cellular telephones etc. and to make phone calls.

(h)     The Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any HIGHLY CONFIDENTIAL – SOURCE CODE review, but only to ensure that there is no unauthorized recording, copying, or transmission of the information designated as HIGHLY CONFIDENTIAL – SOURCE CODE.

(i)     No copies of all or any portion of the source code may leave the Source Code Review Room except as provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary in this action for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically in the first instance. The Producing Party may object that the

ORDER APPROVING STIPULATED ADDENDUM
TO THE PROTECTIVE ORDER - 5
Case No. 2:21-cv-00437-TSZ

source code requested in hard copy form is excessive and/or not requested for a permitted purpose. If, after meeting and conferring in good faith, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether the requested Source Code in question is excessive or not requested for a permitted purpose. Both Parties will provide two folders on the desktop of each review computer:

- "To Print" Folder: This folder will be used to store the limited code portions an expert wants.
- "Interim Material" Folder: This folder will maintain the expert's interim work product. Each Party will provide a methodology to ensure that the interim work product is kept confidential and is inaccessible to anyone other than that expert. This material will not be produced.

(j)     Unless the Producing Party objects pursuant to paragraph 14.3(i), the Producing Party shall print the requested source code on yellow (or other non-white) colored paper and shall mail the paper copies to the Receiving Party's expert, such that it is received within three business days. The Producing Party shall clearly label each page with bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."

(k)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, including the names of persons who enter Source Code Review Room to review the Source Code Computer and when they enter and depart. The Receiving Party shall maintain all paper copies of printed portions of material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" in a secured, locked area.

(l)     The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert the paper copies into an electronic format except in

ORDER APPROVING STIPULATED ADDENDUM
TO THE PROTECTIVE ORDER - 6
Case No. 2:21-cv-00437-TSZ

preparation for or in connection with: (i) filing (under seal) and service of papers, motions, and pleadings in this matter; (ii) expert reports in this matter; and (iii) a hearing or trial in this matter. If a Party reasonably believes that it needs to submit a portion of source code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the source code. If a Producing Party agrees to provide written permission to the Receiving Party that an electronic or any other copy may be made for a Court filing, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" as provided for in this Order, and the Receiving Party's communication and/or disclosure of material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order and the Stipulated Protective Order (ECF No. 79).

(m)     Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual. The Receiving Party may request that the Producing Party bring a Source Code Computer to a deposition; the Producing Party shall comply unless its compliance would be unduly burdensome.

(n)     Any handwritten notes taken by an expert for either party are not discoverable. To the extent any such notes contain portions of source code or descriptions or summaries thereof, such notes must be marked "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall be made available only to individuals who have been approved to view "HIGHLY CONFIDENTIAL – SOURCE CODE" information under Paragraph 14.3(a)-(c) of this Addendum.

**PRODUCTION AND INSPECTION OF EXECUTABLE SOFTWARE**

15.     ACCESS TO AND USE OF EXECUTABLE SOFTWARE

15.1     Access to agreed-upon executable instances of software shall be made available only to individuals who have been approved to view "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" information under Paragraph 5.3 of the Stipulated Protective Order (ECF No. 79) and/or Paragraph 14.3(a)-(c) of this Addendum.  A Receiving Party may use its access to such executable instances of software only for prosecuting, defending, or attempting to settle this litigation. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 of the Stipulated Protective Order (ECF No. 79). For the avoidance of doubt, no executable instances of software or any output or portions thereof produced by a Party or by a Non-Party in connection with this case may be used in any other litigation or proceeding of any kind, including but not limited to any patent prosecution or acquisition, patent reexamination, patent litigation, or reissue proceedings.

15.2    Such executable software shall be made available in a format that is capable of performing the software's standard intended functionality and shall include the necessary equipment to allow the receiving party to perform such actions.

15.3    The Producing Party shall provide the receiving party with the access permissions necessary to perform and test the standard functionality of the executable software.

15.4    Such executable software shall be made available remotely for inspection upon reasonable notice during normal business hours or at other mutually agreeable times.

15.5    Access to the executable software and accompanying credentials shall only be valid for the noticed dates and times of inspection.

15.6    No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, smartphones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the review room where executable instances of software is inspected remotely.

15.7    During the remote inspection, the Receiving Party shall not copy, remove, or otherwise transfer any portion of the executable software (except as provided in paragraph 15.9) onto any recordable media or recordable device. The Producing Party may visually monitor the

activities of the Receiving Party's representatives during any executable software review, but only to ensure that there is no unauthorized recording, copying, or transmission of any executable software.

15.8    The Receiving Party may print, copy, or otherwise capture 100 pages of screenshots or other output from the executable software, absent court order otherwise. All such images, screenshots, or test results must be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." This paragraph does not apply to source code accessible within the executable instances. The Receiving Party's conduct related to such source code will be limited in the same manner as the agreed procedures for source code review. For example, any source code visible in screenshots of executable software shall be designated "HIGHLY CONFIDENTIAL – SOURCE CODE," and treated as such.

15.9    The screenshots or other output of executable software described in paragraph 15.8 shall be Bates stamped and produced by the Receiving Party within three business days following the inspection, or concurrently with service of an expert opinion that uses or relies upon the printed material, whichever is sooner. Once Bates stamped pages from the executable software have been produced, all native copies of such screenshots or other output of the executable software taken during the remote inspection and without the proper designations shall be deleted.

15.10    The Receiving Party shall maintain a record of any individual who has inspected any portion of the executable software in electronic or paper form, including the names of persons who attend any remote inspection sessions.

15.11    The Receiving Party may request that the Producing Party bring an Executable Software Computer to a deposition; the Producing Party shall comply unless its compliance would be unduly burdensome.

15.12    The Receiving Party shall not reverse engineer, decompile, or disassemble the executable software, or attempt to do so.

15.13   The Producing Party shall not trace or evaluate logs that demonstrate the Receiving Party's specific activities unless it is absolutely necessary for purposes of maintaining the software at which point the Receiving Party will be consulted prior to such actions being taken.  The Receiving Party, however, is required to provide to the Producing Party all data, data structures, schema, testing results, screenshots, or any other information relied on or used by Receiving Party or its experts in formulating any opinion or evidence offered in the case, in the same form as relied on or used by Receiving Party or its experts.  Such information must be provided in a timely manner that allows Producing Party to recreate such actions or tests prior to having to rebut any positions taken related to the actions or tests.

15.14   The Producing Party shall provide reasonable technical support, but only after the Receiving Party has exhausted all publicly available means of resolving technical issues on its own.

15.15   The parties shall meet and confer in good faith to make changes or additions to these restrictions and protections if a party finds that the use of the executable software is not adequate or is being abused.

15.16   Any handwritten notes taken by an expert for either party are not discoverable.  To the extent any such notes contain output from the executable software, such as screenshots or the results of testing done on the executable software or any summaries thereof, they must be marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall be made available only to individuals who have been approved to view "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under Paragraph 5.3 of the Stipulated Protective Order and/or Paragraph 14.3(a)-(c) of this Addendum.

The confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July 14, 2023

K&L GATES LLP

By: */s/ Christopher M. Wyant*
Christopher M. Wyant, WSBA #35561
Email: Christopher.Wyant@klgates.com
Ashley E.M. Gammell, WSBA #50123
Email: Ashley.Gammell@klgates.com
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104-1158
Telephone: (206) 623-7580

MAYER BROWN LLP

Charles E. Harris, II (admitted *pro hac vice*)
Email: CHarris@mayerbrown.com
Richard M. Assmus (admitted *pro hac vice*)
Email: RAssmus@mayerbrown.com
Emily A. Nash (admitted *pro hac vice*)
Email: ENash@mayerbrown.com
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600

Kristin W. Silverman, WSBA #49420
Email: KSilverman@mayerbrown.com
Two Palo Alto Square
3000 El Camino Real
Palo Alto, California 94306-2112
Telephone: (650) 331-2000

JONES DAY

David C. Kiernan (admitted *pro hac vice*)
Email: dkiernan@jonesday.com
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5745

Randall E. Kay (admitted *pro hac vice*)
Email: rekay@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1139

*Attorneys for Plaintiff and Counterclaim and Third-Party Defendants Railcar Management, LLC and Wabtec Corporation*

ORDER APPROVING STIPULATED ADDENDUM
TO THE PROTECTIVE ORDER - 11
Case No. 2:21-cv-00437-TSZ

DATED: July 14, 2023

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ *Adrienne D. McEntee*
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Adrienne D. McEntee, WSBA #34061
Email: amcentee@terrellmarshall.com
Eden B. Nordby, WSBA #58654
Email: enordby@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

MORRISON & FOERSTER LLP

By: /s/ *Bonnie Lau*
Bonnie Lau (admitted *pro hac vice*)
Email: blau@mofo.com
Margaret A. Webb (admitted *pro hac vice*)
Email: mwebb@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

David D. Cross (admitted *pro hac vice*)
Email: dcross@mofo.com
Mary G. Kaiser (admitted *pro hac vice*)
Email: mkaiser@mofo.com
2100 L Street, NW
Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Facsimile: (202) 887-0763

*Attorneys for Defendants, Third-Party Plaintiffs, and Counterclaimant Cedar AI, Inc.*

**ORDER**

Pursuant to the stipulation, IT IS SO ORDERED.

DATED: July 21, 2023.

                                     *Thomas S. Zilly*
                                     Thomas S. Zilly
                                     United States District Judge