UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAILCAR MANAGEMENT, LLC,

        Plaintiff,

v.

CEDAR AI, INC.; MARIO PONTICELLO; DARIL VILHENA; and YI CHEN,

        Defendants,

v.

WABTEC CORPORATION,

        Third-Party Defendant.

C21-0437 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion, docket no. 211, for leave to file a fourth amended complaint, is GRANTED in part and DENIED in part, as follows:

    (a) Plaintiff may electronically file, within seven (7) days of the date of this Minute Order, a fourth amended complaint adding a new claim for computer theft under the Georgia Computer Systems Protection Act (Ga. Code § 16-9-93) against *only* Cedar AI, Inc. ("Cedar"). For the same reasons that judgment on the pleadings was granted against plaintiff, *see* Order (docket no. 170), plaintiff may *not* bring such claim against any individual defendants, including Mario Ponticello, Daril Vilhena, and Yi Chen.

    (b) Plaintiff's request to reassert an unjust enrichment claim that it previously voluntarily dismissed and substituted with a trespass to chattels claim, *see* Prop. 2d Am. Compl. (docket no. 92-2 at 21–22), is DENIED.

    (c) To the extent that plaintiff's claim under Ga. Code § 16-9-93 is unsupported by evidence, Cedar may raise such defense in a motion for summary judgment. Cedar will be deemed to deny the claim, and it need not file an answer

MINUTE ORDER - 1

to the fourth amended complaint unless it wishes to do so.  Any such responsive pleading shall be filed within twenty-one (21) days of the date that the fourth amended complaint is filed.

(2)   Defendants' motion to strike, docket no. 234, plaintiff's "corrected" Third Amended Complaint, docket no. 210, is DENIED.  To the extent that the "corrected" Third Amended Complaint and any Fourth Amended Complaint are inconsistent with earlier complaints, the previous pleadings may be used against plaintiff as evidence of an admission or inconsistent statement.  *See MacNeil Auto. Prods. Ltd. v. Jinrong (SH) Auto. Accessory Dev. Co.*, No. C20-856, 2021 WL 3674792, at *3 (W.D. Wash. Aug. 19, 2021) (citing Fed. R. Evid. 613 & 801(d)(2)); *see also Avila v. Felder*, No. 21-cv-1510, 2022 WL 542429, at *3 (E.D. Cal. Feb. 23, 2022) ("The amendment of a pleading does not make it any the less an admission of the party.").  To the extent that the "corrected" Third Amended Complaint exceeds the scope of the leave granted by the Court to plaintiff to replead its claim under 18 U.S.C. § 1030(a)(5)(C), a provision of the Counterfeit Access Device and Computer Fraud and Abuse Act of 1984 ("CFAA"), the Court *sua sponte* grants plaintiff permission *nunc pro tunc* to add the factual allegations unrelated to the CFAA claim.

(3)   Defendants' motion to strike, docket no. 276, the materials filed along with plaintiff's reply in support of its motion for leave to file a fourth amended complaint, namely Exhibits A–M to the Declaration of Charles E. Harris, II, docket nos. 267-1 through 267-13, and Exhibits A–E to the Declaration of Andrew Parker, docket nos. 267-14 through 267-18, is GRANTED.  These documents shall remain under seal, and the Court has not considered them in ruling on plaintiff's motion for leave to file a fourth amended complaint.  Plaintiff's reply, docket no. 267, which references or quotes from these materials, shall also remain under seal.

(4)   Defendants' related motion, docket no. 280, to seal some of the items described in Paragraph 3, above, is STRICKEN as moot.

(5)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 7th day of August, 2023.

Ravi Subramanian  
Clerk

s/Laurie Cuaresma  
Deputy Clerk

MINUTE ORDER - 2